IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERATION OF ASSOCIATED HEALTH
SYSTEMS, INC., a Texas Corporation,

          Plaintiff,

v.                                                                 No. CIV 99-0351 JHG/DJS

NEW MEXICO HOSPITAL AND HEALTH
SYSTEMS ASSOCIATION ("NMHHSA"),
HOSPITAL SERVICES CORPORATION ("HSC"),
a New Mexico Corporation, OREGON ASSOCIATION
OF HOSPITALS AND HEALTH SYSTEMS ("OAHHS"),
an Oregon non-profit corporation, Maureen L. Boshier,
President & CEO, NMHHSA, Deborah Gorenz, Vice
President, NMHHSA and President HSA, and Kent
Ballantyne, Senior Vice President, OAHHS, and Maureen L.
Boshier, Deborah Gorenz, and Ken Ballantyne, Individually,

          Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following motions: 1) Motion to Dismiss of Defendants Ballantyne and OAHHS, filed June 18, 1999; 2) Plaintiff's Motion to Strike, filed July 14, 1999; 3) Defendants NMHHSA, HSC, Maureen L. Boshier and Deborah Gorenz' Motion to Adopt by Reference the Motion to Dismiss Defendants Ballantyne and OAHHS Concerning Dismissal of Plaintiff's Federal RICO Claim and Point One of the Supporting Memorandum, Served May 3, 1999, filed August 9, 1999; and (4) NMHHSA and HSC's Motion to Add Counterclaim, filed October 14, 1999. Having reviewed the motions, the memoranda in support and in opposition, and the applicable law, the Court finds as following: (1) the Motion to Dismiss of Defendants Ballantyne and OAHHS, filed June18, 1999, should be granted; (2) Plaintiff's

Motion to Strike, filed July 14, 1999, should be denied; (3) Defendants NMHHSA, HSC, Maureen L. Boshier and Deborah Gorenz' Motion to Adopt by Reference the Motion to Dismiss Defendants Ballantyne and OAHHS Concerning Dismissal of Plaintiff's Federal Rico Claim and Point One of the Supporting Memorandum, Served May 3, 1999, filed August 9, 1999, should be granted; and (4) Defendants NMHHSA and HSC's Motion to Add Counterclaim, filed October 14, 1999, should be granted.

## I.  Motion to Adopt by Reference

Pursuant to D.N.M.LR-Civ. 7.1, Defendants NMHHSA, HSC, Maureen L. Boshier and Deborah Gorenz ("the New Mexico Defendants") move the Court to enter an Order permitting them to adopt by reference Motion to Dismiss of Defendants Ballantyne and OAHHS, filed June 18, 1999.  "A party may adopt by reference another party's motion or other paper only with permission of the Court."  D.N.M.LR-Civ. 7.1.  In this case,  the New Mexico Defendants seek to adopt by reference Point I of the supporting memorandum of Defendants Ballantyne and OAHHS' Motion to Dismiss.  Having considered the motion, the applicable law, and being fully apprised of the circumstances, the Court finds that the motion is well taken and will be granted.

## II.  Motion to Strike

Pursuant to Fed.R.Civ.P.12(f), 9(a) and 9(b), Plaintiff FAHS moves the Court to strike the New Mexico Defendants' twenty-two affirmative defenses listed in their Answer.  Plaintiff claims some of the affirmative defenses are counterclaims and all are "unfounded assertions of law that allege no basis in fact."  Moreover, Plaintiff claims the New Mexico Defendants allege fraudulent misrepresentations by Plaintiff which must be pled with particularity as required by Fed.R.Civ.P.9(b).  Finally, Plaintiff claims the New Mexico Defendants' Affirmative Defense XX, alleging Plaintiff was not licensed to do business under N.M. Stat. Ann. § 63-9-4, requires the

2

New Mexico Defendants to allege particular facts to support this contention. Section 63-9-4 requires telephone companies furnishing public telephone or telegraph service to obtain a certificate for operation. Because Plaintiff does not claim to be a telephone company, Plaintiff moves to strike this defense.

In their response, the New Mexico Defendants request the Court to allow them to amend their affirmative defenses of fraudulent misrepresentation and failure to obtain the required license pursuant to N.M. Stat. Ann. § 63-9-4. Finally, the New Mexico Defendants request attorney fees for Plaintiff's failure to comply with D.N.M.LR-Civ. 7.2 which requires a movant to consult with opposing counsel to determine whether a motion is opposed.

Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is not well taken and will be denied. Rule 8(c) of the Federal Rules of Civil Procedure does not require pleading affirmative defenses with particularity. However, pursuant to Fed.R.Civ.P.9, when asserting an affirmative defense that contains special matters, such as the capacity of a party to sue or fraud, the party should plead with particularity. Accordingly, the New Mexico Defendants' request to amend their affirmative defenses of fraudulent misrepresentation and failure to obtain the required license pursuant to N.M. Stat. Ann. § 63-9-4 is granted. Finally, the New Mexico Defendants' request for attorney fees for Plaintiff's failure to comply with D.N.M.LR-Civ. 7.2 is denied.

### III.  Motion to Add Counterclaim

Defendants NMHHSA and HSC move the Court to enter an order permitting them to bring their compulsory counterclaim pursuant to Fed.R.Civ.P.13(a) and (f) for a violation of the Unfair Practices Act, N.M. Stat. Ann. § 57-12-1 *et seq.* (Michie 1978). Defendants NMHHSA and HSC claim that through oversight and inadvertence they omitted their counterclaim in their

3

Answer. Rule 13(f) allows a party to request leave of the Court to set up an omitted counterclaim by amendment "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires. . . ." Fed.R.Civ.P.13(f). Whether to grant a party's motion to amend its answer to assert a counterclaim is within the discretion of the district court. *Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518 (10th Cir. 1990). When determining whether justice requires the Court to allow an omitted counterclaim, the Court considers the type of counterclaim, prejudice to the opposing party, and delay of the trial for additional discovery. *Fields v. Atchison, Topeka and Santa Fe Railway Co.*, 167 F.R.D. 462, 463 (D.Kan. 1996).

In this case, NMHHSA and HSA's request to amend falls within the Court's **Initial Pretrial Report** deadlines, does not prejudice Plaintiff since at this point it has not conducted any discovery, there is no trial date set that would be delayed, and NMHHSA and HSA's counterclaim is compulsory, lost forever if not raised in the present action. Accordingly, the Court finds that justice requires it to grant NMHHSA and HSA's Motion to Add Counterclaim.

### IV. Motion to Dismiss

**A. Standard of Review**

In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969); *Liebson v New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996). The court may dismiss only if it is clear that plaintiff cannot prove any facts entitling her to relief, or that the court could not grant relief under any set of facts plaintiff could prove consistent with her allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Buckley Constr. Inc. v. Shawnee Civic & Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991). The court construes the facts, and the reasonable inferences that might be drawn from them, in favor of the plaintiff.

*Beard v. City Northglenn, Colo.*, 24 F.3d 110, 115 (10th Cir. 1994).

**B. Factual Background**

Plaintiff, Federation of Associated Health Systems, Inc., (FAHS) is a Texas corporation engaged in the business of contracting with telephone carriers and hospitals for the purpose of collecting monies for hospitals generated by patients' long distance and operator-assisted calls. Plaintiff claims that in August of 1998, FAHS, Defendant NMHHSA, and Defendant HSC entered into a co-marketing agreement. The purpose of this agreement was to establish a co-marketing relationship between HSC and FAHS so that FAHS could develop its business. Under the co-marketing agreement, HSC agreed to introduce FAHS to the healthcare industry. At the time the parties entered into the co-marketing agreement, Defendant Maureen L. Boshier was President and CEO of NMHHSA and Defendant Deborah Gorenz was Vice President of NMHHSA and President of HSC.

Plaintiff claims that in December of 1998, HSC began a campaign of defamatory statements and actions that injured FAHS' business. Sometime in December of 1998, a representative of NMHHSA, in response to a telephone inquiry by Defendant Ballantyne regarding FAHS, denied having any knowledge of FAHS. Plaintiff claims this was in violation of the co-marketing agreement. Again in December of 1998, Plaintiff claims Defendant Boshier threatened employees of FAHS by informing them she had contacts with many hospitals and FAHS needed her goodwill otherwise she would cause problems.

As a result of the December telephone inquiry by Defendant Ballantyne regarding FAHS, Defendant Ballantyne issued an advisory to OAHHS members cautioning its members about contracting with FAHS. Tillamook County General Hospital, an OAHHS member that had previously contracted with FAHS, called OAHHS and was advised not to continue to contract

5

with FAHS. The advisory caused FAHS' response rate of success to its marketing efforts in Oregon to fall to less than five percent of its national success rate.

On December 16, 1998, HSA, through counsel, informed FAHS it had violated the co-marketing agreement. FAHS responded and informed HSC and NMHHSA it had been harmed by Defendants Boshier and Gorenz' actions. On January 7, 1999, FAHS again wrote to HSA and NMHHSA informing them it had been harmed by Defendants Boshier and Gorenz' actions, specifically in the Oregon market. On January 21, 1999, HSC terminated the co-marketing agreement.

In early 1998, FAHS and MCI/WorldCom worked on a mutual project for a hospital in Las Cruces. MCI/WorldCom offered to refer the St. Joseph's Hospital Group account to FAHS. On February 12, 1999, the President of FAHS spoke to an MCI/WorldCom account executive and was told that Defendant Boshier had instructed him to leave FAHS out of the St. Joseph Hospital Group negotiations. During that same conversation, the MCI/WorldCom account executive told the President of FAHS that he would call him again on February 16, 1999, to fully discuss why he would no longer be able to refer FAHS to the St. Joseph Hospital. However, the MCI/WorldCom executive made no further contact with FAHS.

**C. RICO Claim**

Plaintiff alleges violations by Defendants of §§ 1962(b)(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 (RICO). Under RICO, it is "unlawful for 'any person' to use money derived from a pattern of racketeering activity to invest in an enterprise, to acquire control of an enterprise through a pattern of racketeering activity, or to conduct an enterprise through a pattern of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)(quoting 18 U.S.C. §§ 1962(a)-(c)). Section 1962(d) makes it

unlawful to conspire to violate the first three sections of § 1962. 18 U.S.C. § 1962(d). RICO provides a private civil action to recover treble damages for injury "by reason of a violation of" its substantive provisions. 18 U.S.C. § 1964(c).

RICO defines racketeering activity as any act "chargeable under several generically described state criminal laws, any act "indictable" under numerous specific federal criminal provisions, including mail and wire fraud which are the alleged predicate acts in this action, and any "offense" involving bankruptcy or securities fraud or drug-related activities that is "punishable" under federal law. §18 U.S.C. § 1961(1). RICO defines pattern of racketeering activity as requiring "at least two acts of racketeering activity" within a ten-year period. 18 U.S.C. § 1961(5).

In order for Plaintiff to prove a pattern of racketeering activity it must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 237 (1989). The relationship test can be met by establishing that the predicate acts "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* at 240 (quoting 18 U.S.C. § 3575(e)(3). Additionally, "to establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, continuing racketeering activity." *Id.*

A plaintiff may prove this "continuity" in a variety of ways. Moreover, "'[c]ontinuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.'" *Id.* at 241. A plaintiff "may demonstrate continuity over a closed period by proving a series of related

7

predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement." *Id.* at 242.

Defendants claim Plaintiff fails to plead a pattern of ongoing racketeering activities or the requisite two or more predicate acts, and that it alleges no more than a single plot directed solely at Plaintiff. In this case, the predicate acts alleged are mail and wire fraud. Plaintiff has alleged the following acts in its Complaint to support its RICO claim: 1) Defendant Boshier, President and CEO of Defendant NMHHSA, combined with Defendant Gorenz, President of Defendant HSC, to injure Plaintiff; 2) Defendants Boshier and Gorenz had contact with Defendant Ballantyne, Senior Vice President of Defendant OAHHS; 3) Defendant Ballantyne then published in the OAHHS' newsletter an advisory notice to its members regarding contracting with Plaintiff; 4) Defendant Ballantyne distributed this advisory to its members statewide; 5) this advisory injured Plaintiff in its business relations with OAHHS members and other hospitals; and 6) this advisory threatens ongoing, continuing, and repeated injuries to Plaintiff in its business prospects with individual hospitals and health providers in Oregon and elsewhere. Pl.'s Resp. to Defs.' Mot. to Dismiss at 2.

Even if the Court were to find that the acts complained of by Plaintiff are all part of the same common scheme, Plaintiff has failed to establish a pattern of racketeering. Plaintiff cannot demonstrate that the alleged racketeering predicates amount to or pose a threat of **continued** criminal activity. In determining continuity, the Court looks at two factors: 1) the duration of the related predicate acts; and 2) the extensiveness of the RICO enterprise's scheme. *Resolution Trust Corporation v. Stone*, 998 F.2d 1534, 1543 (10th Cir. 1993). Factors the Court examines in evaluating the extensiveness of a RICO enterprise's scheme are: 1) the number of victims; 2) the number of the racketeering acts; 3) whether the injuries caused were distinct; 4) the

complexity and size of the scheme; and 5) the nature or character of the enterprise or unlawful activity. *Resolution Trust Corporation,* 998 F.2d at 1543-44.

In this case, the alleged predicate acts Plaintiff complains of occurred over a short period of time, targeted one victim and alleges few racketeering acts. Defendant Ballantyne issued one advisory to OAHHS members which Plaintiff claims injured it. It is doubtful that this would occur again. As far as the complexity and size of the scheme, it did not involve extensive planning or involvement of several individuals. In fact, the alleged scheme had a very limited purpose. For these reasons, the Court finds that Plaintiff has failed to demonstrate continuity in this case. Plaintiff may have alleged other torts against Defendants but fails to establish a RICO claim. Accordingly, Defendants Ballantyne and OAHHS' Motion to Dismiss is granted, and Plaintiff's RICO claim against all Defendants is dismissed.

**D. Personal Jurisdiction as to Defendants OAHHS and Ballantyne**

Defendants OAHHS and Ballantyne claim the Court does not have personal jurisdiction over them for the state law claims and therefore they should be dismissed from this action. On a motion to dismiss for lack of personal jurisdiction, the plaintiff must show that the district court has power over each foreign defendant under the state's long-arm statute and that exercise of such jurisdiction is consistent with due process limitations. *Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995).

New Mexico's long-arm statute, N.M. Stat. Ann. § 38-1-16 (Michie 1978),[1] requires a

---

[1] Section 38-1-16 states in pertinent part:

A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

pled cause of action to arise out of the same activity by which the foreign defendant submitted to New Mexico's personal jurisdiction. Plaintiff claims Defendant Ballantyne "reached into New Mexico for the purpose of transacting business." Pl's. Reply to Defs.' Mot. to Dismiss, at 9. New Mexico courts equate the "transaction of business" under New Mexico's long-arm statute with the due process standard of minimum contacts. *Telephonic, Inc. v. Rosenblum*, 88 N.M. 532, 534 (1975).

In order to ascertain whether personal jurisdiction exists over an out-of-state defendant, New Mexico courts apply a three-part test, inquiring whether 1) the acts of the defendant are specifically set forth in New Mexico's long-arm statute, 2) the plaintiff's cause of action arises out of and concerns such alleged acts, and 3) the defendant's acts establish minimum contacts to satisfy constitutional due process concerns. *Doe v. Roman Catholic Diocese of Boise, Inc.*, 121 N.M. 738, 742 (Ct.App. 1996).

In determining whether Defendants OAHHS and Ballantyne transacted business in New Mexico the Court applies the following factors: 1) who initiated the transaction; 2) where the transaction was entered into; and 3) where the performance was to take place. *Caba Limited Liability Co. v. Mustang Software, Inc.*, 1999 WL 428242, at *4 (N.M. App. May 25, 1999).

Applying the first factor, Defendant Ballantyne made a telephone call from Oregon to Defendant Boshier in New Mexico. Because Defendant Boshier was unavailable to take the call, a staff member of Defendant NMHHSA returned Defendant Ballantyne's telephone call. Plaintiff

---

(1) the transaction of any business within this state;
. . . . . .    . . . . . .
(3) the commission of a tortious act within this state;
. . . . . . . . . . . .
C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

claims that during this telephone call the NMHHSA staff employee gave Defendant Ballantyne defamatory information which led to Defendant OAHHS issuing it advisory to its Oregon members regarding contracting with FAHS.  Plaintiff does not allege that the Oregon Defendants and the New Mexico Defendants entered into any agreement or contract.  Plaintiff only alleges that it was defamed by the staff member that returned Defendant Ballantyne's telephone call.  Under these facts, the Court finds that Plaintiff has failed to show Defendants Ballantyne and OAHHS transacted business within New Mexico.  Since Defendants Ballantyne and OAHHS did not transact business in New Mexico, the requirement of the long-arm statute is not satisfied.  Therefore, this Court lacks personal jurisdiction over Defendants Ballantyne and OAHHS.

Moreover, Defendant Ballantyne and OAHHS' acts fail to create sufficient minimum contacts with New Mexico to warrant assertion of personal jurisdiction over them.  "A defendant will be found to have sufficient minimum contacts to satisfy due process where the defendant has a connection with the forum state and has acted in the state in such a manner that the defendant 'should reasonably anticipate being haled into court there.'"  *DeVenzeio v. Rucker, Clarkson & McCashin*, 121 N.M. 807, 809 (Ct.App. 1996)(quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).  "Ordinarily, the use of mail and telephone services to contact a New Mexico resident from out of state is insufficient to satisfy the 'purposeful availment' prong of a minimum contacts analysis."  *Id.; see also, Salas v. Homestake Enterprises, Inc.*, 106 N.M. 344 (1987)(mailing two documents and making a telephone call into New Mexico did not establish minimum contact within state to subject defendant to suit in New Mexico).  In this case, Defendant Ballantyne made one telephone call to New Mexico to inquire about Plaintiff.  The Court finds that Plaintiff has not established sufficient minimum contacts by Defendants Ballantyne and OAHHS within New Mexico to satisfy due process and allow for the exercise of

jurisdiction over them.

Construing Plaintiff's Complaint to allege Defendants Ballantyne and OAHHS committed a tortious act within New Mexico, the Court finds that Plaintiff has not shown that Defendants Ballantyne and OAHHS' actions caused Plaintiff any injury in New Mexico.  OAHHS sent its advisory only to its Oregon members.  The advisory resulted in a response rate of success to FAHS' marketing efforts in Oregon to fall to less than five percent of its national success rate.  Plaintiff has not alleged that the advisory resulted in injury to it in New Mexico. Since Defendants Ballantyne and OAHHS did not commit a tortious act within New Mexico, the requirement of the long-arm statute is not satisfied.  Therefore, this Court lacks personal jurisdiction over Defendants Ballantyne and OAHHS, and Plaintiff's state law claims against them are dismissed.

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendants Ballantyne and OAHHS' Motion to Dismiss is granted, and the action against them is dismissed with prejudice.

**IT IS FURTHER ORDERED**  that Plaintiff's Motion to Strike is denied.  Defendants request to amend their affirmative defenses of fraudulent misrepresentation and failure to obtain the required license pursuant to N.M. Stat. Ann. § 63-9-4 is granted.  The New Mexico Defendants' request for attorney fees for Plaintiff's failure to comply with D.N.M.LR-Civ. 7.2 is denied.

**IT IS FURTHER ORDERED** that Defendants NMHHSA, HSC, Maureen L. Boshier and Deborah Gorenz' Motion to Adopt by Reference the Motion to Dismiss Defendants Ballantyne and OAHHS Concerning Dismissal of Plaintiff's Federal RICO Claim and Point One of the Supporting Memorandum is granted.   Plaintiff's RICO claim against NMHHSA, HSC,

Maureen L. Boshier and Deborah Gorenz is dismissed with prejudice.

**IT IS FURTHER ORDERED** that NMHSSA and HSC's Motion to Add Counterclaim is granted.

_____
**JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE**